**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THOMAS I. GAGE, | : | CIVIL ACTION NO. 16-2790 (JLL) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, et al., | : | |
| Defendants. | : | |

**LINARES, District Judge**

The plaintiff, Thomas I. Gage, is a frequent litigant in the United States District Court for the District of New Jersey and in other courts. See, e.g., Gage v. Provenzano, No. 14-5700, 2016 WL 5329596, at *1 (D.N.J. Sept. 21, 2016) (listing several cases instituted by the plaintiff).

The plaintiff asserts claims in this current action against the following New Jersey state government offices and officials (hereinafter, "State Defendants"): (1) the New Jersey Office of the Attorney General; (2) Steve C. Lee, the Director of the New Jersey Division of Consumer Affairs (hereinafter, "NJDCA"); (3) Cindy Miller, the NJDCA Deputy Director; (4) Jeffrey Koziar, a Deputy Attorney General representing the NJDCA; and (5) NJDCA investigators Joseph Iasso and Brittany Kieran. (See dkt. 1 at 1–9.)[1] He

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

also asserts claims in this action against the defendant Wayne Oborne, who is a private citizen. (Id.)

The State Defendants now move pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(1) and Rule 12(b)(6) to dismiss the claims asserted against them. (See dkt. 23; dkt. 23-1; dkt. 23-2; dkt. 23-3.) The motion is unopposed. The Court will resolve the motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court will: (1) grant the motion; (2) dismiss the claims asserted against the State Defendants; and (3) sua sponte dismiss the remaining claims asserted against Oborne.

## BACKGROUND

As far as the Court can discern the allegations in the complaint, the plaintiff alleges that he is a home improvement contractor, that he performed a kitchen improvement project for Oborne, and that Oborne filed a false complaint against him with the NJDCA to avoid paying for the project. (See dkt. 1 at 24–25 (Oborne's complaint filed with the NJDCA, which was annexed to the plaintiff's pleadings).) He alleges that Kieran and Iasso investigated Oborne's complaint in July 2015, and that Koziar oversaw the investigation. On February 18, 2016, the NJDCA issued an order (hereinafter, "NJDCA Order") assessing the plaintiff with: (1) a civil penalty in the amount of $3,250; and (2) a restitution penalty to be paid to Oborne in the amount of $26,712.

The NJDCA Order, which is annexed by the plaintiff to the complaint, reveals that the NJDCA notified the plaintiff of Oborne's complaint, that the NJDCA gave the

2

plaintiff an opportunity to appear at a hearing to defend himself, and that the plaintiff specifically chose not to appear for a hearing. Furthermore, the NJDCA Order reveals that the plaintiff was found to have violated New Jersey law by failing to: (1) perform the project in accordance with the specifications in the contract with Oborne; (2) register as a home improvement contractor; (3) provide a certificate of insurance to Oborne for the project; (4) list in the contract the dates when work was to be performed; and (5) comply with other general consumer-notification requirements in the contract. (See dkt. 1 at 33–36; see also dkt. 1 at 26–29 (Notice of Violation sent by the NJDCA to the plaintiff, and annexed by the plaintiff to the complaint).) The plaintiff construes the NJDCA Order as illustrating that the State Defendants "found that [he] basically failed to provide [Oborne] with a well-written, technically perfect home improvement contract, as lawyers do." (Dkt. 1 at 9 (correcting the plaintiff's original grammar and spelling).)

The plaintiff alleges that, as a result of the aforementioned conduct, he is entitled to relief pursuant to 42 U.S.C. § 1983 because the State Defendants and Oborne have violated his constitutional rights. He also asserts that all of the defendants should be investigated and prosecuted for violating various federal and state criminal statutes.

## ANALYSIS

I.   **Standards**

   A.   **Rule 12(b)(1)**

It is not necessary for the Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(1), as that standard has been already enunciated. See Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (setting forth standard; citing Mortensen

v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884 (3d Cir. 1977), Petruska v. Gannon Univ., 462 F.3d 294 (3d Cir. 2006), and Constitution Party of Pa. v. Aichele, 757 F.3d 347 (3d Cir. 2014)).

### B. Rule 12(b)(6)

It is also not necessary for the Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(6). See Mariotti v. Mariotti Bldg. Prods., Inc., 714 F.3d 761, 764–65 (3d Cir. 2013) (setting forth standard; citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth standard; citing Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

### C. Unopposed Motions To Dismiss

The plaintiff has not opposed the motion at bar. However, the Court must still address a motion to dismiss on the merits even if it is unopposed. See Jones v. Unemployment Comp. Bd. of Review, 381 Fed.Appx. 187, 189 (3d Cir. 2010); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

### D. Liberal Construction Of Pro Se Pleadings

The Court, in addressing the instant motion: (1) construed the plaintiff's claims liberally; and (2) accepted all of the pro se plaintiff's factual allegations as true, construed the claims in the light most favorable to the plaintiff, and considered whether the plaintiff may be entitled to relief in federal court under any reasonable reading of those claims. See Kissell v. Dep't of Corrs., 634 Fed.Appx. 876, 878–79 (3d Cir. 2015) (citing Iqbal, Twombly, Erickson v. Pardus, 551 U.S. 89 (2007), and Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)).

The Court is guided by all of the standards discussed above in resolving the instant motion.

## II. Section 1983 Claims

Section 1983 enables a plaintiff to bring a civil action only against a "person" who causes a deprivation of constitutional rights under color of state law. However, the State Defendants are not considered to be "persons" subject to such an action. See Hanani v. N.J. Dep't of Envtl. Prot., 205 Fed.Appx. 71, 79 (3d Cir. 2006); see also Cook v. Superior Court of N.J., No. 10-409, 2010 WL 2836409, at *1 (D.N.J. July 14, 2010) (dismissing a Section 1983 claim asserted against the New Jersey Department of Law and Public Safety based on immunity). The Eleventh Amendment also bars Section 1983 claims from being brought against state agencies and state officials such as the State Defendants, because those kinds of claims are, in effect, brought against the state itself. See Hanani, 205 Fed.Appx. at 79. The State of New Jersey has not consented to subject its agencies and its officials to Section 1983 claims, and the immunity afforded to New Jersey state agencies and officials against Section 1983 claims has not been abrogated. Therefore, the Court will grant the part of the motion seeking to dismiss the Section 1983 claims asserted against the State Defendants.[2]

The plaintiff does not assert Section 1983 claims against Lee, Miller, Koziar, Iasso, and Kieran in their individual capacities; he specifically names them in the

---

[2] The Court notes that it is appropriate to grant dismissal of the Section 1983 claims based on the immunity afforded to state governmental agencies and officials under either Rule 12(b)(1) or Rule 12(b)(6). See Atkin v. Johnson, 432 Fed.Appx. 47, 48 (3d Cir. 2011).

complaint in their official capacities only. (See dkt. 1 at 1; id. at 4–5.) However, even if the plaintiff had brought the Section 1983 claims against those defendants in their individual capacities, the claims would be barred by qualified immunity. The plaintiff cannot reasonably allege that constitutional violations occurred when: (1) Oborne's complaint about a home improvement contractor was investigated by the state agency charged with conducting that kind of investigation, i.e., the NJDCA; (2) the plaintiff was notified about the complaint by the NJDCA, and was given an opportunity to respond to the complaint, which the plaintiff spurned; and (3) the plaintiff was penalized for violations of New Jersey law. See Rizzo v. Connell, No. 10-4136, 2012 WL 32206, at *11 (D.N.J. Jan. 5, 2012) (dismissing a Section 1983 claim asserted against New Jersey environmental officials in their individual capacities, because plaintiff had not shown any facts demonstrating that those officials had committed constitutional violations in enforcing New Jersey environmental regulations), aff'd, 517 Fed.Appx. 111, 112–13 (3d Cir. 2013) (affirming the district court's decision concerning qualified immunity based upon the district court's reasoning).

The Court notes that the proper avenue for the plaintiff is to seek relief from the NJDCA Order in the New Jersey state appellate courts, and not in a federal court. See N.J.Ct.R. 2:2-3(a)(2) (setting forth the procedure for seeking review of a state agency's decision); W.K. v. N.J. Div. of Developmental Disabilities, 974 F.Supp. 791, 794 (D.N.J. 1997) (stating that the process enveloping a final decision of a New Jersey state agency and the availability of appellate review from that decision "is treated as a unitary

system"). The New Jersey appellate courts can provide a comprehensive review of the NJDCA Order that will not be tantamount to a mere pro forma approval. See In re Miller, No. A-5262-09T4, 2011 WL 558779, at *1–3 (N.J. App. Div. Feb. 18, 2011) (reviewing a decision by the NJDCA to not renew a home improvement contractor's registration).

### III. Criminal Statutes

Gage's demands for criminal investigations and prosecutions of the State Defendants are also barred. Gage is a private citizen with no federal right to compel a criminal investigation or a criminal prosecution, because initiating an investigation or a prosecution is a function of governmental discretion. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Fuchs v. Mercer County, 260 Fed.Appx. 472, 475 (3d Cir. 2008) (affirming a district court's judgment that dismissed a claim asserted against a district attorney, wherein plaintiff sought to compel a criminal investigation and prosecution of a police officer). Furthermore, Gage has not demonstrated that any of the claims concerning criminal statutes that were allegedly violated by the State Defendants "provide for a private right of enforcement." Walsh v. Krantz, 386 Fed.Appx. 334, 336 (3d Cir. 2010). Therefore, the part of the motion by the State Defendants concerning dismissal of these claims will be dismissed.

### IV. Claims Against Oborne

The gravamen of the plaintiff's Section 1983 claim against Oborne is a dispute between the plaintiff and a private citizen, and thus that claim raises no proper federal

cause of action and has no call upon a federal forum. The plaintiff cannot maintain a claim under Section 1983 that essentially seeks relief based on the private conduct of a private actor, i.e., Oborne, no matter how allegedly wrongful. See Dophin v. Bank of Am. Mortg. Co., 641 Fed.Appx. 131, 133 (3d Cir. 2016); St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006). Furthermore, for the reasons discussed in Part III, supra, Gage has no federal right to compel a criminal investigation or a criminal prosecution of Oborne. Therefore, the Court will sua sponte dismiss the claims asserted against Oborne.

The Court notes that it is authorized to dispose of the claims asserted against Oborne sua sponte at this juncture. See Coulter v. Unknown Probation Officer, 562 Fed.Appx. 87, 89 n.2 (3d Cir. 2014) (stating that a district court, when addressing a motion to dismiss by some of the defendants in an action, may sua sponte dismiss a claim asserted against a non-moving defendant where it is clear that the plaintiff failed to state a claim for relief); see also Lincoln v. Magnum Land Servs., LLC, 560 Fed.Appx. 144, 147 n.2 (3d Cir. 2014) (affirming a district court's decision to grant a motion to dismiss by the moving defendants and to sua sponte dismiss a claim asserted against a non-moving defendant).

## CONCLUSION

For the aforementioned reasons, the Court will: (1) grant the motion by the State Defendants to dismiss the claims asserted against them; (2) dismiss the claims asserted against the State Defendants; and (3) dismiss the claims asserted against Oborne.

The Court will enter an appropriate order and judgment.

_____
JOSE L. LINARES
United States District Judge

Dated: October __17th__, 2016